**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| Rosa Alegria,<br><br>                Plaintiff,<br><br>– against–<br><br><br>LVNV Funding, LLC, and Experian Information Solutions, Inc.,<br><br>                Defendant(s). | Civil Action No.<br><br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff, Rosa Alegria (hereinafter "Plaintiff"), by and through her attorneys, Garibian Law Offices, P.C., by way of Complaint against Defendants, LVNV Funding, LLC ("LVNV") and Experian Information Solutions, Inc. ("Experian"), alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"), violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA"), and other claims related to unlawful credit reporting practices. The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices. The FCRA prohibits furnishers of credit information to falsely and inaccurately report consumers' credit information to credit reporting agencies.

1

## PARTIES

2. Plaintiff, Rosa Alegria, is an adult citizen of the state of North Carolina domiciled in Greensboro, NC.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA, and 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant, LVNV, is a for profit business entity organized and existing under the laws of Delaware that is regularly engaged in the business of collecting debts in Delaware and that furnishes consumer credit information to consumer reporting agencies. It has a principal place of business located at 700 Executive Center Drive # 300, Greenville, SC 29615. The principal business purpose of LVNV is the collection of debts using the mails and telephone.

5. Defendant LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

6. Defendant Experian is a corporation organized and existing under the laws of Ohio that engages in the business of maintaining and reporting consumer credit information. It has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action are defined by 15 U.S.C. § 1681 and pursuant to 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681

may be brought in any appropriate United States district court, without regard to the amount in controversy, and pursuant to 15 U.S.C. § 1692.

8. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Delaware.

## FACTUAL ALLEGATIONS

9. Defendant LVNV attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases originally owed to Credit One Bank; the account was routinely reported on Plaintiff's consumer credit report.

10. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

11. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

12. On or about March 27, 2015, Plaintiff and MRS BPO, LLC ("MRS"), on behalf of LVNV, entered into a settlement agreement for Plaintiff's account ending in 8329. A copy of the settlement agreement is attached herein as Exhibit A.

13. Pursuant to the terms of the settlement, Plaintiff was required to make six (6) monthly payments totaling $240.00 to settle and close her LVNV account.

14. Plaintiff, via her debt settlement company, National Debt Relief ("NDR") made all of the requisite monthly payments available. Proofs of these payments are attached herein as <u>Exhibit B</u>.

15. LVNV accepted and cashed all of the requisite payments.

16. On December 7, 2015, NDR received a call from MRS confirming the settled status of the account.

17. Thereafter, on or about February 4, 2016, Plaintiff received a dunning letter from Simm Associates, Inc. This letter is attached herein as <u>Exhibit C</u>.

18. In this letter, LVNV via Simm Associates Inc. referenced a balance on the account in the amount of $287.26.

19. This letter was a false misrepresentation of the debt because as thoroughly explained above, Plaintiff made and LVNV cashed all of the payments pursuant to the attached settlement agreement; the balance is $0.00.

20. LVNV's reneging on the settlement agreement with Plaintiff constitutes a breach of contract.

21. In addition, Plaintiff's LVNV account is still being negatively reported.

22. In particular, on a requested credit report dated April 8, 2016, Plaintiff's LVNV account was reported with a status of "COLLECTION" with a current balance of $287.00, and a past due balance of $287.00.  The relevant portion of Plaintiff's credit report is attached herein as <u>Exhibit D</u>.

23. This trade line was inaccurately reported. As evidenced by the settlement agreement and proofs of payments, this account was settled for less than full balance and has a current balance of $0.

24. Plaintiff notified Defendants directly of a dispute on the LVNV account's completeness and/or accuracy. This letter and the certified mail receipt are attached herein as <u>Exhibit E</u>.

25. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by LVNV to the Consumer Reporting Agency Experian, via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

26. Plaintiff complied fully with the settlement agreement, as confirmed by LVNV, Plaintiff's settlement payment was received by LVNV on the settlement due date, and as such LVNV must report the account as settled, in accordance with the settlement agreement.

27. On or about May 26, 2016, Plaintiff's counsel received a correspondence from Experian confirming its receipt of Plaintiff's dispute. This correspondence is attached herein as <u>Exhibit F</u>.

28. On May 31, 2016, Plaintiff requested an updated credit report for review. The tradeline for the LVNV account in question remained the same as the April 8, 2016 credit report, as LVNV failed to correct the inaccuracy. The May 31, 2016 credit report is attached herein as <u>Exhibit G</u>.

29. Experian did not notify LVNV of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify LVNV and LVNV failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiff's credit reports.

30. If LVNV did perform a reasonable investigation of Plaintiff's dispute, Plaintiff's LVNV account would be updated to reflect a 'settled' status and a balance of $0.

31. LVNV has promised through its subscriber agreements or contracts to accurately update accounts but LVNV has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

32. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating the FCRA.  These violations occurred before, during, and after the dispute process began with Experian.

33. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

34. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## COUNT I

(Fair Debt Collection Practices Act)

35. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

36. The above contacts between LVNV and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

37. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

38. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt.

39. FDCPA 15 U.S.C. § 1692f(1) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law.

40. LVNV violated the above provisions when it tried to collect on a settled debt.

41. LVNV violated the above provisions when it falsely and misleadingly represented Plaintiff's LVNV account balance as $287.26.

42. LVNV knew or should have known that its actions violated the FDCPA. Additionally, LVNV could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

43. As a result of the above violations of the FDCPA, LVNV is liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs.

## **COUNT II**

(Fair Credit Reporting Act)

44. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

45. Experian is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

46. LVNV is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

47. LVNV is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

48. Plaintiff notified Defendants directly of a dispute on the account's completeness and/or accuracy, as reported.

49. LVNV failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

50. LVNV failed to update Plaintiff's credit report and/or notify the credit bureaus that the LVNV account in question was disputed in violation of 15 U.S.C. § 1681s-2(b).

51. LVNV failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff and the credit bureaus within the 30 day statutory period as required by 15 U.S.C. § 1681s-2(b).

52. Experian failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

53. Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

54. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment in the sum of $45,000.00 be entered against Defendants as follows:

1. That judgment be entered against LVNV for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. That judgment be entered against LVNV for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

5. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

6. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

7. That the Court grant such other and further relief as may be just and proper.

Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

/s/ Antranig Garibian
Antranig Garibian, Esquire (Bar No. 4962)
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 722-6885
ag@garibianlaw.com
*Counsel for Plaintiff*